**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSEPH McBRIDE,

    Petitioner,

v.                                              CASE NO:  8:04-CV-1876-T-30MAP
                                                                         Crim. Case No: 8:01-CR-445-T-30MAP

UNITED STATES OF AMERICA,

    Respondent(s).
_____/

## **ORDER**

Petitioner, Joseph McBride (hereinafter referred to as "McBride" or "Petitioner"), an inmate in the federal penal system proceeding *pro se*, has timely filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1).  The government has responded (Dkt. #8) and Petitioner has replied (Dkt. #13) thereto.  Because the petition fails to set forth grounds sufficient to vacate the sentence, Petitioner's motion will be denied.

### **Background**

Petitioner was convicted by a jury of conspiracy to possess five kilograms or more of cocaine with the intent to distribute, in violation of 21 U.S.C. §§846 and 841(b)(1)(A) (Count One) and knowingly carrying and possessing a firearm during and in relation to and in furtherance of the drug violations, in violation of 18 U.S.C. §§924(c) and 2 (Count Three).

Petitioner appealed the judgment and sentence raising the following issues:

1. whether the government committed a <u>Batson</u> error during jury selection;

2. whether the evidence was sufficient to prove Petitioner's guilt on the gun charge;

3. whether the indictment was sufficient and not duplicitous and whether any error in the verdict form was plain error warranting reversal;

4. whether the evidence was sufficient to prove the Petitioner's guilt on the conspiracy charge;

5. whether the district court abused its discretion in admitting evidence obtained from the motor home or in limiting Castro's cross-examination;

6. whether the district court abused its discretion in admitting lay opinion testimony and, if it did, whether the testimony substantially prejudiced the Petitioner; and

7. whether a conviction for felony possession is a predicate felony drug offense under 21 U.S.C. §841(b)(1)(A) and whether the limitation in 21 U.S.C. §851(e) is unconstitutional.

The Eleventh Circuit affirmed the judgment and sentence. <u>United States v. Welch</u>, 82 Fed. Appx. 221 (11th Cir. 2003), *cert. denied*, 124 S.Ct. 2867 (Jun. 14, 2004), Eleventh Circuit case number 02-13917.

Petitioner now files this Motion to Vacate his sentence pursuant to 28 U.S.C. §2255 claiming he was denied effective assistance of counsel when counsel:[1]

1. failed to pursue a plea bargain on Petitioner's behalf when the evidence against Petitioner was patently overwhelming;

---

[1] Since the issues listed in McBride's Memorandum in support of his motion raises issues not found in his motion, the Court will list the issues raised in the order in which they appear in the Memorandum.

2. told Petitioner to lie when he took the stand;

3. failed to call witnesses to testify at trial;

4. failed to raise the issue of Petitioner's competency to stand trial; and

5. failed to challenge the sentencing enhancement under 21 U.S.C. §851.

Additionally, Petitioner claims the Court erred:

6. by enhancing his sentence for an amount of drugs which was not determined by a jury, in violation of Apprendi and Blakely.

## Discussion

The Court will now address each of Petitioner's claims. As acknowledged by Petitioner in his Memorandum, this Court must analyze an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984). To establish a *prime facie* claim of ineffective assistance of counsel, McBride must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland, at 687. Deficient performance is performance which is objectively unreasonable under the prevailing professional norms. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland at 694. "The issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F. 3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). Further, vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel. Tejada v. Dugger, 941 F. 2d 1551, 1559 (11th Cir. 1991),

*cert. denied*, 502 U.S. 1105 (1992).

**Ground One:**     Counsel was ineffective because he failed to pursue a plea bargain on Petitioner's behalf when the evidence against Petitioner was patently overwhelming.

After contending at trial and on direct appeal that the evidence was insufficient to support a finding of guilt, Petitioner now tries his hand at the opposite side of the argument - that the evidence was overwhelming "that McBride did in fact help organize the drug transaction, carried $460,000 and a firearm into the warehouse." Petitioner's Memorandum in Support of Motion to Vacate, page two.  Petitioner argues "had counsel been 'effective' he would have known that the evidence was overwhelming and the probability of persuading him (McBride) to accept a plea bargain would have matured from a 'reasonable probability' to a very strong likelihood." McBride Memorandum in Support of Motion to Vacate, page six. But, alas, Petitioner forgets which side of the argument he has most recently chosen and, in his Reply Memorandum in which he contests a government argument of procedural default, asserts that he is "actually innocent of the conviction . . .." Reply Memorandum, page 29.

First, a petitioner is not allowed to play fast and loose with the Court.  His own statements and arguments constitute a proper record showing to refute his newly adopted position.  Second, mere conclusory unsupported claims cannot support an ineffective assistance of counsel claim.  <u>Tejada</u>, 941 F.2d at 1559.  The Court notes that Petitioner does not claim he would have pled guilty had his trial lawyer advised him to do so, only that the probability of him accepting a plea bargain would have risen.

Ground one is insufficient to support a claim on collateral attack and will be denied.

**Ground Two:**   Counsel was ineffective because he told Petitioner to lie when he took the stand.

Ground two fails the prejudice prong of the Strickland analysis. Petitioner argues that "clearly it is in McBride's best interest to remain truthful with the jury to every extent while being under oath." McBride's Memorandum in Support of the Motion, page seven. But he never claims that he was prejudiced. He cannot make such a claim because he did not testify in the trial.

Petitioner attempts to get around this obvious difficulty by casting this argument in the form of a conflict of interest. He does not specifically say how his lawyer's "interest" was different from his "interest," but his argument fails even if there were a conflict of interest. To prevail on a conflict of interest claim, Petitioner must show that the conflict adversely affected his lawyer's performance. Cuyler v. Sullivan, 446 U.S. 335 (1980). Petitioner makes no showing that the alleged conflict affected his lawyer's performance in any way.

For the foregoing reasons, ground two must be denied.

**Ground Three:**   Counsel was ineffective because he failed to call witnesses to testify at trial.

Petitioner faults his lawyer's decision not to call any witnesses even though, Petitioner claims, "there was a viable theory of defense." McBride Memorandum in Support of the Motion, page eight. Once again, Petitioner offers only vague conclusory statements in support of this contention. He does not identify any particular witnesses he says should have

been called, what they would have said, how they would have made the case turn out differently or what "viable theory of defense" they would have supported. These types of unsupported claims are insufficient to support a motion to vacate a sentence.

Even had Petitioner identified the witnesses and the substance of their testimony, he would have had another hurdle to overcome. Trial counsel's decision about what witnesses to call in support of his client's defense is generally considered a matter of trial strategy. As the Eleventh Circuit noted in Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995), the Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. Intensive scrutiny and second-guessing of attorney performance are not permitted. "Defense counsel's failure to call certain witnesses is not sufficient grounds for a Sixth Amendment claim." United States v. Hughes, 635 F.2d 449, 453 (5th Cir. 1981) (citing Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978) (finding that the presentation of testimonial evidence is matter of trial strategy, and since allegations of what witness would have testified are largely speculative, complaints of uncalled witnesses, in support of claims of ineffective assistance of counsel, are not favored).

Ground three will be denied.

**Ground Four:**   Counsel was ineffective because he failed to raise the issue of Petitioner's competency to stand trial.

In support of ground four, Petitioner states that he was put on suicide watch in Pasco County, Florida, around March 5, 2002 (the trial was held April 8th through April 11th, 2002),

and he was denied proper medical treatment before trial. He contends that this shows he was not in a rational state of mind at the time of trial.

Once again, Petitioner offers mere vague and conclusory statements. Being placed on suicide watch a month before trial does not, by itself, show that there is a basis for concluding that one is incompetent to stand trial. These types of unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F. 2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

Ground four will be denied.

**Ground Five:**   Counsel was ineffective because he failed to challenge the sentencing enhancement under 21 U.S.C. §851.

Petitioner's argument on ground five is not entirely clear. It appears that he is arguing that counsel was ineffective for failing to challenge the §851 notices because they did not follow the strict requirements of 21 U.S.C. §851. He also seems to argue that the §851 enhancement somehow violates Apprendi and Blakely.

On direct appeal, Petitioner argued that the Informations were duplicitous and that they were contradicted by the verdict form. The Eleventh Circuit ruled to the contrary. He cannot now raise those issues in this motion (and he does not appear to have done so).

Prior to trial, the government filed the first §851 Information on January 8, 2002, identifying two prior convictions upon which it was relying to support a sentencing enhancement of life imprisonment: one on September 1, 1995, for possession of cocaine, and another on April 7, 1989, for sale and delivery of counterfeit cocaine. A month later, on

February 8, 2002, the government filed a second Information including one of the prior convictions identified on its first Information as well as one additional conviction: the September 1995 conviction, plus a November 14, 1983 conviction for possession of marijuana. At sentencing, Petitioner's counsel argued that the second Information superseded the first and that the convictions listed did not support an enhancement of life imprisonment. Neither defense counsel nor the government had a case on point concerning this sentencing issue. The Court ruled that the two Informations were separate notices, "both notifying the defendant of the crimes which the government will use to support the life enhancement. So he is on notice as to all three crimes." Doc. CR-242, page 13. The Court ruled in Petitioner's favor that:

1. The Petitioner's marijuana conviction was not a felony, and
2. His prior conviction for the sale of counterfeit cocaine was a fraud conviction and not a drug conviction.

Therefore, the Court ruled that the life enhancement was inappropriate in his case, but that the twenty-year mandatory minimum for Count One did apply. Doc. CR-242, pp. 13, 15.

Contrary to Petitioner's assertions, his counsel did an admirable job in arguing these issues on his behalf. The cases cited by Petitioner do not support his contention that his attorney was deficient or that his sentence would have been different in any respect.

Petitioner also raises an Apprendi/Blakely argument on this issue. This argument fails for the same reasons it fails for ground six set forth below.

For the foregoing reasons, ground five will be denied.

**Ground Six:**   The Court erred by enhancing his sentence for an amount of drugs which was not determined by a jury, in violation of Apprendi and Blakely.

In support of ground six, Petitioner argues that the amount of cocaine the Petitioner was sentenced for, 20 kilos, was more than that for which he was charged in the indictment which charged him with five or more kilos of cocaine. Petitioner argues that, under the Blakely ruling, any factor other than a defendant's prior criminal history that increases a defendant's sentence has to be determined beyond a reasonable doubt by a jury or judge at the option of the defendant.

The government argues that this claim, as well as the similar argument made under ground five, is procedurally barred because Petitioner failed to raise it on direct appeal. Claims that were previously available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence (neither of which has been shown here). Bousley v. United States, 523 U.S. 614 (1998). The Court agrees with the government. This claim is defaulted.

Even if the claim were not defaulted, it would fail. Petitioner was sentenced on April 11, 2002. The Eleventh Circuit issued its opinion denying his appeal on August 29, 2003. The Supreme Court did not issue its decision in Blakely until June 24, 2004. Blakely v. Washington, 542 U.S. 296 (2004). On January 12, 2005, the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005). Petitioner's judgment was final before either the Blakely or Booker decisions were issued. Blakely applied to a particular

state sentencing guideline (the State of Washington), not the federal guidelines. <u>Booker</u> applied to the federal guidelines, but is not retroactive to cases (like Petitioner's) that were final prior to the <u>Booker</u> decision. <u>See</u> <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005). And, the Court is entitled to determine a sentence on its finding of drug quantity as long as it did not consider the guidelines to be mandatory. <u>United States v. Shelton</u>, 400 F.3d 1325 (11th Cir. 2005). Petitioner makes no claim that the Court considered the guidelines to be mandatory and there is no such indication in the record.

For the foregoing reasons, ground six will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 18, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2004\04-cv-1876.McBride deny 2255.wpd